IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ATLASJET ULUSLARARASI HAVACILIK A.S., a company organized under the laws of Turkey,<br><br>Plaintiff,<br><br>v.<br><br>EADS AEROFRAME SERVICES, LLC, a Delaware limited liability company, AEROFRAME SERVICES, LLC, a company organized under the laws of Louisiana, and EADS NORTH AMERICA, a company organized under the laws of Delaware,<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT

COMES NOW, Plaintiff Atlasjet Uluslararasi Havacilik. ("Atlasjet"), by counsel and for its causes of action, alleges upon information and belief as follows:

### PARTIES

1. Atlasjet is an airline that provides commercial air transportation services. Atlasjet is a corporation organized under the laws of Turkey, with its principal place of business located in Istanbul, Turkey.

2. EADS Aeroframe Services, LLC ("EADS Aeroframe") is a Delaware limited liability company, with its principal place of business located at 1945 Merganser Street, Lake Charles, LA 70615. EADS Aeroframe may be served by serving its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. EADS Aeroframe performs aircraft maintenance services and was an operating unit of EADS North America.

3. EADS North America is a fully owned subsidiary and holding company for European Aeronautic Defense and Space Company ("EADS"). EADS North America is incorporated in Delaware with its principal place of business in Washington, DC. EADS North America may be served by serving its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

4. Aeroframe Services, LLC ("Aeroframe Services") is a company organized under the laws of Louisiana, with its principal place of business located at 1945 Merganser Street, Lake Charles, LA 70615. Aeroframe Services performs aircraft maintenance services and is a successor to the business of EADS Aeroframe. Aeroframe Services may be served via the Delaware Secretary of State pursuant to 10 Del. C. § 3104.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein against Defendants pursuant to 28 U.S.C. § 1332(a)(2) because complete diversity exists between Atlasjet, EADS Aeroframe, EADS North America and Aeroframe Services, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

6. Upon information and belief, this Court has personal jurisdiction over EADS Aeroframe as defendant is registered in Delaware as a limited liability company.

7. Upon information and belief, this Court has personal jurisdiction over EADS North America, as it is incorporated in Delaware.

8. Upon information and belief, this Court has personal jurisdiction over Aeroframe Services, as it conducts business within Delaware.

9. Venue is proper in this District as two of the defendants are incorporated in this

District.

## FACTUAL ALLEGATIONS

10. Atlasjet leased an Airbus Model A320-233, MSN 461 (the "Aircraft") from ACG Acquisition XX LLC ("ACG").

11. The Aircraft is equipped with V2500 engines, #V10040, manufactured by International Aero Engines ("IAE").

12. The lease between ACG and Atlasjet was executed on November 19, 2004.

13. A Maintenance Agreement exists between ACG and EADS Aeroframe for maintenance and modification services (the "Maintenance Agreement").

14. Atlasjet is an assignee of the Maintenance Agreement.

15. The Aircraft was delivered to Atlasjet on January 15, 2005, in Istanbul, Turkey.

16. Prior to delivery of the Aircraft, EADS Aeroframe performed maintenance on the Aircraft.

17. During its maintenance, EADS Aeroframe performed, *inter alia*, the "C-Check" on the Aircraft and, as part thereof, replaced the Intermediate Pressure ("IP") check valve on Engine No. 2 of the Aircraft.

18. Upon information and belief, the replacement IP check valve was installed improperly by EADS Aeroframe.

19. On or about January 27, 2005, the aircraft was scheduled for a flight from Stuttgart to Munich as part of an Istanbul-Stuttgart-Munich-Istanbul route.

20. During the Istanbul to Stuttgart segment, the Aircraft began to experience difficulty with Engine No. 2.

21. Upon arrival in Munich, the engine was inspected, and it was found that the

"bleed cover" on Engine No. 2 was improperly open.

22. It was also found that the upstream bleed valve which goes to high pressure port ("HP") had slipped out of its handcuff causing extensive damage to the engine.

23. Atlasjet had not performed any maintenance on the Aircraft during the brief time it had the airplane.

24. The last maintenance had been performed by EADS Aeroframe, within weeks of the incident.

25. In Munich, the engine was also examined by Lufthansa Technik personnel who found extensive engine damage.

26. It was also concluded that the engine damage was caused, *inter alia*, by the improper installation of the IP check valve by EADS Aeroframe and the negligent maintenance of EADS Aeroframe.

27. As a result of the damage to the engine, the thrust reverser had to be replaced and repaired and the aircrafts' crew was stranded in Munich for three days. In addition, Atlasjet lost the use of the aircraft during repairs and incurred unnecessary expenses during the repair period. The total damages sustained by Atlasjet are in excess of $500,000.

28. Aeroframe Services purchased EADS Aeroframe's assets from EADS North America and took over its operations on August 1, 2005.

29. Upon information and belief, Aeroframe Services is a continuation of EADS Aeroframe and its business operations.

30. Upon information and belief, Aeroframe Services expressly or impliedly assumed liability for claims relating to the Maintenance Agreement.

31. Aeroframe Services, as successor to EADS Aeroframe, is liable to Atlasjet under the Maintenance Agreement for breach of warranty, contract indemnity and negligence for the faulty maintenance performed on the aircraft in January 2005.

32. EADS Aeroframe Services' parent company, EADS North America ("EADS") is liable for claims under the same Agreement, having sold and received consideration of the sale and either impliedly or expressly agreed to be liable for the payment of any claims against EADS Aeroframe prior to sale of the subsidiary.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract/Warranty)

33. Atlasjet reasserts each allegation contained in paragraphs 1 through 32 above and incorporates them herein.

34. The leased airplane came with a proper performance warranty from defects resulting from faulty maintenance.

35. The Maintenance Agreement between EADS Aeroframe and ACG also applied to its assignee Atlasjet.

36. Section XIII.2 of the Maintenance Agreement expressly extends the following proper performance warranty:

> EA[D]S warrants, at the time of the Aircraft/Component Re-delivery, the Maintenance Services performed by it and any and all parts or materials fabricated by EA[D]S. The proper performance warranty is limited to the correction of defects resulting from EA[D]S's intervention, at no extra cost.

37. The replacement of the IP check valve by EADS Aeroframe was a Maintenance Service and the damages to Engine No. 2 were caused by "defects resulting from EA[D]S's intervention."

38.     The damage occurred during the warranty period and obligated EADS Aeroframe to "correct in its workshops any proven faulty workmanship occurring within the warranty period."

39.     Atlasjet gave timely notice of its claim to EADS Aeroframe and fully performed all of its obligations under the Maintenance Agreement.

40.     EADS Aeroframe refused to take responsibility for the damage and make the necessary repairs, thereby breaching the Maintenance Agreement and its warranty of proper performance.

41.     The above warranty was relied upon by ACG and Atlasjet (as the assignee of the Maintenance Agreement) on entering into the Maintenance Agreement.

42.     Atlasjet was forced to repair the damage resulting from EADS Aeroframe's faulty workmanship itself and suffered damages in excess of $500,000.  EADS Aeroframe's breach of the Maintenance Agreement and the express warranty of proper performance therein was the proximate cause of those damages.

43.     Aeroframe Services and EADS North America are liable to Atlasjet for the faulty maintenance as successor which expressly or impliedly assumed liability upon the sale of EADS Aeroframe to Aeroframe Services.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract - Indemnification)**

44.     Atlasjet reasserts each allegation contained in paragraphs 1 through 43 above and incorporates them herein.

45.     Under Article XIV.1 of the Maintenance Agreement, EADS Aeroframe is obligated to indemnify and reimburse Atlasjet for any losses incurred by them which result from

or are related to the Maintenance Services. The clause states:

> EA[D]S agrees to indemnify, reimburse, defend and hold harmless ACG …. [and] its lessee (the "Indemnitees") from and against any and all … losses …of any kind whatsoever, … which may be … incurred by the Indemnitees arising out of, or in any way connected with, or as a result of death of or injury to any persons and/or for loss, damage or destruction of any property including without limitation, the Aircraft and any Components or Materials arising on or after the date of this Agreement which in any way may result from, pertain to or arise in any manner out of, or are in manner related to, the Maintenance Services [or] this Agreement.

The damages to engine No. 2 relate to and resulted from EADS Aeroframe's replacement of the IP check valve which was a Maintenance Service performed by EADS Aeroframe.

46. EADS Aeroframe had a duty to indemnify Atlasjet for the loss.

47. EADS Aeroframe failed to indemnify Atlasjet and has breached its duty to indemnify Atlasjet for the damages it suffered as a result of EADS Aeroframe's failure to properly replace the IP check valve.

48. As a result, Atlasjet has suffered damages in excess of $500,000.

49. Aeroframe Services and EADS North America are liable to Atlasjet for the faulty maintenance, as successor which expressly or impliedly assumed liability upon the sale of EADS Aeroframe to Aeroframe Services.

### THIRD CLAIM FOR RELIEF
(Negligence)

50. Atlasjet reasserts each allegation contained in paragraphs 1 through 49 above and incorporates them herein.

51. EADS Aeroframe had a duty to Atlasjet, through the Maintenance Agreement, to use reasonable care in the maintenance of the Aircraft.

52. EADS Aeroframe breached that duty by improperly installing the IP check valve,

and/or providing improper maintenance of the aircraft.

53. EADS Aeroframe's breach of that duty directly and proximately caused damage to Engine No. 2, causing Atlasjet to suffer damages in excess of $500,000.

54. Aeroframe Services and EADS North America are liable to Atlasjet for the faulty maintenance, as successor which expressly or impliedly assumed liability upon the sale of EADS Aeroframe to Aeroframe Services.

**FOURTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty)**

55. Atlasjet reasserts each allegation contained in paragraphs 1 through 54 above and incorporates them herein.

56. At the time the maintenance was performed on the airplane, each of the Defendants knew the particular purpose for which the airplane was required and would be used.

57. At the time the airplane was leased, Atlasjet relied on the skill and judgment of each of the Defendants to maintain and provide proper maintenance which was suitable and fit for the purpose for which it was intended.

58. Each of the Defendants impliedly warranted that the airplane was fit to be used for the purpose for which it was intended.

59. Each of the Defendants breached this implied warranty in that the airplane was not fit for the purpose of transporting goods because defective maintenance was provided and it was leased with faulty maintenance having been provided.

60. As a direct and proximate result of the breach of implied warranty on the part of the Defendants, the airplane engine was damaged by, *inter alia*, the improper installation of the

IP check valve and negligent maintenance by EADS Aeroframe, causing the thrust reverser having to be replaced and repaired and the aircrafts' crew stranded in Munich for three days.

61.     As a direct and proximate result of the breach of implied warranty on the part of the Defendants, Atlasjet suffered damages in excess of $500,000.  Aeroframe Services and EADS North American are liable to Atlasjet for the faulty maintenance, as successor which expressly or impliedly assumed liability upon the sale of EADS Aeroframe to Aeroframe Services.

WHEREFORE, for the reasons stated above, Atlasjet respectfully requests that judgment be entered against EADS Aeroframe, EADS North America and Aeroframe Services as follows:

1.     Awarding Atlasjet damages against Defendants jointly and severally for Defendants' breach of contract, warranty, failure to indemnify and negligence in an amount in excess of $500,000.00;

2.     Awarding Atlasjet all other such costs and further relief as the Court may deem just and proper.

Dated:  January 18, 2007                    ECKERT SEAMANS CHERIN & MELLOTT, LLC

/s/ Margaret F. England
Margaret F. England (No. 4248)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
(302) 425-0430
(302) 425-0432 (facsimile)

Of Counsel:
Thomas J. Whalen
Laura G. Stover
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006
(202) 659-6600

✎JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Atlasjet Uluslararasi Havacilik A.S.

## DEFENDANTS
EADS AEROFRAME SERVICES, LLC; AEROFRAME SERVICES, LLC; and EADS NORTH AMERICA

**(b)** County of Residence of First Listed Plaintiff: country of Turkey
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle, DE
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Margaret F. England
Eckert Seamans Cherin & Mellott, LLC, 300 Del. Ave., Suite 210, Wilmington, DE 19801 (302) 425-0430

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332(a)(2)

Brief description of cause:  Breach of Contract in excess of $75,000

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.  (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.  Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07 - 37

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __3__ COPIES OF AO FORM 85.

__1/19/07__
(Date forms issued)

_____
(Signature of Party or their Representative)

Jason Stowell
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action