IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ATLASJET ULUSLARARASI HAVACILIK A.S., A company organized under the laws of Turkey,<br><br>Plaintiff,<br><br>-versus-<br><br>EADS Aeroframe Services, LLC, a Delaware Limited liability company AEROFRAME SERVICES LLC, a company Organized under the laws of Louisiana, and EADS North America, a company organized Under the laws of Delaware,<br><br>Defendants. | Civil Action No. 07-00037<br><br>**ANSWER OF**<br>**<u>EADS NORTH AMERICA</u>** |

For its Answer to the Complaint, defendant EADS North America states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

2. Denies the allegations except admits that EADS Aeroframe is a Delaware limited liability company.

3. Denies the allegation except admits that EADS North America is incorporated in Delaware.

4. Denies the allegation except admits that Aeroframe Services LLC is organized under Louisiana law and has a place of business located at 1945 Merganser Street, Lake Charles, LA and performs maintenance related to aircraft.

5. Alleges questions of law to which no answer is required. To the extent facts are alleged, they are denied.

10832802.1

6. Alleges questions of law to which no answer is required. To the extent facts are alleged, they are denied.

7. Alleges questions of law to which no answer is required. To the extent facts are alleged, they are denied.

8. Alleges questions of law to which no answer is required. To the extent facts are alleged, they are denied.

9. Alleges questions of law to which no answer is required. To the extent facts are alleged, they are denied.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

13. Denies except admits that ACG and EADS Aeroframe entered into Agreement Number EAS/ACTG-1104 bearing Issue Date November 5, 2004.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

16. Denies except admits that EADS Aeroframe performed maintenance on certain parts of the Aircraft and or one of its engines before January 28, 2005.

17. Denies except admits that EADS Aeroframe performed maintenance on certain parts of the Aircraft and/or one of its engines before January 28, 2005.

18. Denies the allegations.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

26. Denies the allegations.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

28. Denies the allegations except admits that Aeroframe Services purchased certain assets of EADS Aeroframe.

29. Denies the allegations as unintelligible.

30. Denies the allegations as unintelligible.

31. Denies the allegations.

32. Denies the allegations.

33. EADS Aeroframe repeats and realleges each response to paragraphs 1 through 32 as if set forth in full herein.

34. Denies the allegations as unintelligible.

35. Admit.

36. Denies except admits that the allegation restates some but not all words in Section XIII.2 of Agreement Number EAS/ACG-1104.

37. Denies the allegations.

38. Denies the allegations.

39 Denies the allegations.

40. Denies the allegations.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

42. Denies the allegations.

43. Denies the allegations.

44. EADS Aeroframe repeats and realleges each response to paragraphs 1 through 43 as if set forth in full herein.

45. Denies the allegations except admits that some words in the allegation appear in Agreement Number EAS/ACG-1104.

46. Denies the allegations.

47. Denies the allegations.

48. Denies the allegations.

49. Denies the allegations.

50. EADS Aeroframe repeats and realleges each response to paragraphs 1 through 49 as if set forth in full herein.

51. Alleges questions of law to which no answer is required. To the extent facts are alleged, they are denied.

52. Denies the allegations.

53. Denies the allegations.

54. Denies the allegations.

55. EADS Aeroframe repeats and realleges each response to paragraphs 1 through 54 as if set forth in full herein.

56. Denies the allegations.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

58. Denies the allegations.

59. Denies the allegations.

60. Denies the allegations.

61. Denies the allegations.

## DEMANDS FOR JUDGMENT BY PLAINTIFF

1. Denies the allegations.

2. Denies the allegations.

## AFFIRMATIVE DEFENSES

1. The Court lacks personal jurisdiction over the defendant.

2. Venue is improper under statute.

3. Venue is improper because of a contractual venue provision.

4. The case should be dismissed on grounds that the forum is inconvenient under the doctrine of forum non conveniens.

5. Plaintiff has no standing under the Agreement alleged in the Complaint.

6. Plaintiff and/or its alleged assignor breached the Agreement alleged in the Complaint.

7. Plaintiff and/or its alleged assignor failed to satisfy conditions precedent as required by the Agreement alleged in the Complaint.

8. The terms of any applicable warranty were waived by the acts and omissions of Plaintiff and its agents, and/or the alleged assignor.

9. The negligence of the Plaintiff was a proximate, contributing, or superseding cause of Plaintiff's alleged damages or resulting loss. Such negligence or fault therefore bars or diminishes any liability of defendant for any alleged damages sustained by Plaintiff.

10. The negligence or fault of persons other than defendant was a proximate, contributing, or superseding cause of Plaintiff's alleged injuries, damages or resulting loss. Such negligence or fault therefore bars or diminishes any liability of defendant for any alleged damages sustained by Plaintiff.

11. The occurrence and damages alleged in the Complaint were caused in whole or in part by the neglect, fault and want of care by persons or entities other than defendant, for whose acts or omissions defendant is not liable or responsible, and any damages sustained by the Plaintiff should be apportioned to those parties in accordance with applicable law.

12. In the event that damages are awarded to the Plaintiff, defendant is entitled to an offset or credit for monies previously paid to or on behalf of the Plaintiff under applicable law.

13. Plaintiff knew of the risk complained of in the Complaint, realized and appreciated the possibility of damages as a result of the risk, and having a reasonable opportunity to avoid it, voluntarily exposed itself to the risk, assuming the risk of damages.

14. Plaintiff waived recovery of any damages resulting from the occurrence.

15. Plaintiff's claims are barred in whole or in part by the economic loss doctrine.

16. Plaintiff failed to mitigate its alleged damages.

17. Plaintiff's claims are barred by the applicable statute of limitations.

18. Plaintiff is not in privity of contract with defendant.

19. At all relevant times herein, Plaintiff was in a joint venture with other entities and is responsible for the negligence of those entities.

20. Plaintiff failed to state a claim upon which relief can be granted.

21. Plaintiff has unclean hands and therefore cannot seek equitable remedies.

WHEREFORE, Defendant demands judgment in its favor, dismissal of the Complaint with prejudice and costs.

Dated: Jericho, New York
May 1, 2007

Nixon Peabody LLP

By: ______________________

Lee Harrington (DE 4046)
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000
Attorneys for Defendant EADS North America

**CERTIFICATE OF SERVICE**

I, Lee Harrington, Esquire, hereby certify that on May 1, 2007, a copy of the foregoing **ANSWER** was served on the following counsel:

**BY HAND**

Margaret Fleming England
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue
Suite 1360
Wilmington, DE 19801
(302) 425-0430
Fax: (302) 425-0432
Email: mengland@eckertseamans.com

**BY FIRST-CLASS MAIL**

Thomas J. Whalen
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue NW
Washington, D.C. 20006

Lee Harrington
I.D. No. 4046